1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10

11   DAVID ROBERT THOMPSON,              Case No. 2:17-cv-02932-RFB-GWF

12               Petitioner,             **ORDER**

13        v.

14   BRIAN WILLIAMS,

15               Respondents.

16

17        Before the court are the first amended petition for writ of habeas corpus (ECF No. 7),

18   petitioner's motion for leave to file second amended petition (ECF No. 13), respondents'

19   opposition (ECF No. 15), and petitioner's reply (ECF No. 16).  For the reasons stated below, the

20   court grants the motion.

21        Petitioner has filed a first amended petition and sought leave to file a second amended

22   petition because petitioner is concerned about the timeliness any grounds for relief.  Petitioner

23   calculated that the one-year period of limitation expired on July 28, 2018.  He filed the first

24   amended petition on that date in the hopes that any grounds raised in a second amended petition

25   would relate back to the first amended petition.  See Mayle v. Felix, 545 U.S. 644, 650 (2005).

26        Respondents first argue that petitioner did not attach a proposed second amended petition

27   to the motion.  Local Rule LR 15-1(a) states that a proposed amended pleading must be submitted

28   with the motion for leave to amend unless otherwise permitted by the court.  When the court

appoints counsel to represent habeas corpus petitioners, as a matter of course it gives counsel leave to file an amended petition without first submitting a proposed amended petition. The only difference here is that counsel is trying to file a petition before the one-year deadline to minimize the probability that grounds for relief would not relate back to a timely petition. The court sees no reason to depart from its usual practice in habeas corpus cases.

Respondents next argue that without a proposed amended petition, they cannot determine whether the amended grounds would be subject to the defenses of failure to exhaust, procedural default, or untimeliness. However, when the court gives appointed counsel leave to file an amended petition in a situation where expiration of the period of limitation is not looming, the court does not require the petitioner to demonstrate a lack of futility in the amended petition. Rather, the court allows the respondents to move to dismiss based upon those defenses. The court sees no difference between the normal course of counseled habeas corpus proceedings and what petitioner is asking in this case, other than, again, trying to minimize the probability that grounds for relief are untimely.

The court has been presented with situations in which it has denied leave to amend because the petitioner has not submitted a proposed amended petition. However, that issue often occurs when the petition has been fully briefed on the merits, and then the petitioner, often pro se, asks for leave to amend to add new grounds. In those situations, the court has required the petitioner to demonstrate that amendment would not be futile, often because the proposed amended grounds would be untimely. By that stage of the proceedings, the parties and the court had spent much time litigating the case, and the court did not want to re-start the briefing process for what would be an exercise in futility. That has not occurred in this case.

Petitioner also has filed a motion for leave to file exhibits under seal (ECF No. 11). The exhibits in question are sealed in a separate criminal case. The court agrees that they should be sealed in this case, too.

IT THEREFORE IS ORDERED that petitioner's motion for leave to file second amended petition (ECF No. 13) is **GRANTED**. Petitioner shall have sixty (60) days from the date of entry of this order to file and serve a second amended petition for a writ of habeas corpus. Neither the

foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims.

IT FURTHER IS ORDERED that petitioner's motion for leave to file exhibits under seal (ECF No. 11) is **GRANTED**.

DATED: August 28, 2018.

_____
RICHARD F. BOULWARE, II
United States District Judge