**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID ROBERT THOMSON, | Case No. 2:17-cv-02932-RFB-EJY |
| Petitioner, | **ORDER** |
| v. | |
| BRIAN WILLIAMS, | |
| Respondents. | |

## I.      Introduction

This is a habeas corpus action under 28 U.S.C. § 2254.  Currently before the court is respondents' motion to dismiss (ECF No. 42).  The court finds that one ground of the third amended petition (ECF No. 37) is procedurally defaulted, and the court dismisses it.  The court also finds that petitioner David Thomson has not exhausted his state-court remedies for other grounds, and Thomson must decide what to do with those grounds.  The court thus grants the motion to dismiss.

## II.      Procedural History

After a jury trial in state district court, Thomson was convicted of one count of first-degree murder with the use of a deadly weapon and one count of burglary while in possession of a deadly weapon.  R. Ex. 63 (ECF No. 50-3).  The state district court convicted Thomson accordingly.  P. Ex. 1 (ECF No. 8-1).  Thomson appealed, and he filed an opening brief.  P. Ex. 3, 2 (ECF No. 8-3, 8-2).  The Nevada Supreme Court affirmed.  P. Ex. 10 (ECF No. 8-10).

While the direct appeal was pending, Thomson filed a motion for a new trial or, in the alternative, a request for an evidentiary hearing.  P. Ex. 4 (ECF No. 8-4).  The state district court denied the motion.  P. Ex. 5 (ECF No. 8-5).  Thomson appealed, and he filed an opening brief.  P. Ex. 6, 7 (ECF No. 8-6, 8-7).  The Nevada Supreme Court affirmed.  P. Ex. 8 (ECF No. 8-8).

Thomson then filed his first post-conviction habeas corpus petition and supporting memorandum in the state district court.  P. Ex. 14, 15 (ECF No. 8-14, 9, 9-1).  The state district court appointed counsel, who filed a supplemental petition.  P. Ex. 16 (ECF No. 10).  The state district court held an evidentiary hearing.  R. Ex. 104 (ECF No. 52-10).  The state district court then denied the petition.  P. Ex. 17 (ECF No. 10-1).  Thomson appealed, and he filed an opening brief.  P. Ex. 18, 19 (ECF No. 10-2, 10-3).  The Nevada Supreme Court transferred the appeal to the Nevada Court of Appeals, which in turn affirmed.  R. Ex. 113, P. Ex. 20 (ECF No. 52-19, 10-4).

Thomson then commenced this action with his initial habeas corpus petition under 28 U.S.C. § 2254.  ECF No. 1-1.  The court appointed the Federal Public Defender, who filed two amended petitions.  ECF No. 7, 20.  Private counsel then substituted into the case and filed the operative third amended petition.  ECF No. 37.

Meanwhile, Thomson filed his second post-conviction habeas corpus petition in the state district court.  R. Ex. 115 (ECF No. 53-1).  The state district court denied the petition.  R. Ex. 118 (ECF No. 53-4).  Thomson appealed, and he filed an opening brief.  R. Ex. 119, 123 (ECF No. 53-5, 53-9).  The Nevada Supreme Court transferred the appeal to the Nevada Court of Appeals, which in turn affirmed.  R. Ex. 124, 125 (ECF No. 53-10, 53-11).

### III.    Legal Standards

#### A.    Exhaustion

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court.  28 U.S.C. § 2254(b).  To exhaust a ground for relief, the petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground.  See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal

1    claims.  In short, the petitioner must have either referenced specific provisions of the federal
2    constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th
3    Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001).  Citation to state case
4    law that applies federal constitutional principles will also suffice.  Peterson v. Lampert, 319 F.3d
5    1153, 1158 (9th Cir. 2003) (en banc).  "The mere similarity between a claim of state and federal
6    error is insufficient to establish exhaustion.  Moreover, general appeals to broad constitutional
7    principles, such as due process, equal protection, and the right to a fair trial, are insufficient to
8    establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

9    **B.     Procedural Default**

10   A federal court will not review a claim for habeas corpus relief if the decision of the state
11   court regarding that claim rested on a state-law ground that is independent of the federal question
12   and adequate to support the judgment.  Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court
> pursuant to an independent and adequate state procedural rule, federal habeas review
> of the claims is barred unless the prisoner can demonstrate cause for the default and
> actual prejudice as a result of the alleged violation of federal law, or demonstrate
> that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some
objective factor external to the defense impeded" his efforts to comply with the state procedural
rule. Carrier, 477 U.S. at 488.

To show prejudice, "[t]he habeas petitioner must show 'not merely that the errors at . . . trial
created a possibility of prejudice, but that they worked to his actual and substantial disadvantage,
infecting his entire trial with error of constitutional dimensions.'" Carrier, 477 U.S. at 494 (quoting
United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis in original).

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.   Discussion**

      **A.   Ground 1**

          **1.   Ground 1 is unexhausted**

Ground 1 is a claim that trial counsel provided ineffective assistance because trial counsel failed to investigate alternative suspects.  Thomson raised the same claim in ground 1(C) of his first state post-conviction habeas corpus petition. P. Ex. 15 (ECF No. 9 at 16-25).  However, in counsel's opening brief on appeal from the denial of that petition, Thomson simply listed all the titles of his claims in his pro se petition, stated that he was adopting all the arguments, and argued that the district court erred in denying those claims.  P. Ex. 19 at 48-49 (ECF No. 10-3 at 57-58).  For ground 1 of the state petition, the brief said, "Ineffective assistance of counsel, a denial of the Sixth and Fourteenth Amendments of the United States Constitution."  P. Ex. 19 at 48 (ECF No. 10-3 at 57).  Thomson did not mention the claim in ground 1(C) of his state petition and ground 1 of the federal third amended petition, that counsel failed to investigate alternative suspects.  The Nevada Court of Appeals ruled:

> Next, Thomson claims the district court erred by denying the issues he raised in his pro se petition.  Thomson's appellate brief merely lists the issues and asserts he adopts the arguments presented in his petition; it does not present any argument as to why the district court's rulings are erroneous.  We conclude the claim is inadequately briefed, and we decline to consider it on appeal.  *See* NRAP 28(e)(2) .
> . . .

Ex. 20 at 5 (ECF No. 10-4 at 7) (citations omitted).

Rule 28(e)(2) of the Nevada Rules of Appellate Procedure prohibits incorporation by reference.  There are two interpretations of what Thomson did, but they lead to the same conclusion that Thomson failed to exhaust his state-court remedies for the claim.  One interpretation is that by mentioning the claim that counsel failed to investigate alternative suspects, Thomson never presented the claim to the Nevada Supreme Court.  Another interpretation is that Thomson presented the claim to the Nevada Supreme Court in a procedurally defective manner.

"Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation."  Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (citing Castille v. Peoples, 489 U.S. 346, 351

4

1    (1989)).  Because of his incorporation-by-reference argument, Thomson has not fairly presented

2    any of the claims in his initial state petition Nevada Supreme Court.  His appeal from the denial of

3    his first state post-conviction habeas corpus petition thus did not exhaust his state-court remedies

4    for ground 1.  See 28 U.S.C. § 2254(b).

5           Thomson's second state post-conviction petition alleged that post-conviction appellate

6    counsel provided ineffective assistance by attempting to incorporate his initial petition's claims by

7    reference to that petition.  R. Ex. 115 (ECF No. 53-1).  A claim of ineffective assistance of counsel

8    is legally distinct from the underlying claim, and thus this claim of ineffective assistance of post-

9    conviction appellate counsel did not exhaust ground 1.  See Rose v. Palmateer, 395 F.3d 1108,

10   1112-13 (9th Cir. 2005) (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)).

11                **2.       Ground 1 is procedurally defaulted**

12          Despite the failure to exhaust ground 1, the court concludes that ground 1 is technically

13   exhausted and procedurally defaulted.  In the appeal from the denial of the second petition, the

14   Nevada Court of Appeals ruled that the second petition was untimely under Nev. Rev. Stat.

15   § 34.726(1), and that it was successive and abusive under Nev. Rev. Stat. § 34.810.  R. Ex. 125

16   (ECF No. 53-11).  These state-law grounds are adequate and independent state rules.  Vang v.

17   Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810); Loveland v. Hatcher, 231

18   F.3d 640 (9th Cir. 2000) (Nev. Rev. Stat. § 34.726); Moran v. McDaniel, 80 F.3d 1261 (9th Cir.

19   1996) (same).

20          Thomson has no successful arguments for cause and prejudice to excuse the state-law

21   procedural bars. Ground 1 is technically exhausted because no available state corrective process

22   remains for Thomson because another return to state court would be futile. See 28 U.S.C. § 2254(c).

23   Ground 1 also is procedurally defaulted because the reasons why no available state process remains

24   are the state-law procedural bars against untimely, successive, and abusive petitions.

25          The court rejects Thomson's argument that the ineffective assistance of post-conviction

26   appellate counsel is cause to excuse the procedural default of ground 1.  A procedural default of a

27   claim of ineffective assistance of trial counsel may be excused "where (1) the claim of 'ineffective

28   assistance of trial counsel' was a 'substantial' claim; (2) the 'cause' consisted of there being 'no

counsel' or only 'ineffective' counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim'; and (4) state law requires that an 'ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding.'" <u>Trevino v. Thaler</u>, 569 U.S. 413, 423 (2013) (citing <u>Martinez v. Ryan</u>, 566 U.S. 1, 13-16 (2012)). However, "[t]he rule of <u>Coleman [v. Thompson</u>, 501 U.S. 722 (1991)] governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney errors in other kinds of proceedings, <u>including appeals from initial-review collateral proceedings</u>, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." <u>Martinez</u>, 566 U.S. at 16 (emphasis added).

The default of the claim in ground 1 did not occur in what the Court calls "initial-review collateral proceedings," because Thomson raised that claim in his proper-person post-conviction petition.  The default of the claim occurred because post-conviction appellate counsel did not raise the claim in the appeal from the denial of the petition.  <u>Martinez</u> does not apply to this situation. Thomson thus has not demonstrated cause to excuse the procedural default of ground 1, and so the court dismisses it.

**B.   Ground 2 Is Exhausted**

Respondents argue that ground 2 is exhausted only as to the facts and arguments presented to the state appellate courts.  ECF No. 42 at 10 (citing <u>Cullen v. Pinholster</u>, 563 U.S. 170, 181-82 (2011)).  Thomson counters that <u>Pinholster</u> applies when the standard of review of 28 U.S.C. § 2254(d) applies.  Further, Thomson argues that § 2254(d) does not apply because the state court's decision was based on an unreasonable determination of the facts.  ECF No. 56 at 6.  Respondents do not ask the court to dismiss any part of ground 2.

Parties are arguing over what standard of review the court should use in its determination of the merits of ground 2.  These arguments need to be made in the answer and reply, not in a motion to dismiss and opposition.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### C.    Ground 3

#### 1.    Ground 3 is not exhausted

In ground 3, Thomson argues that the trial court committed reversible error allowing an expert witness to testify to comparative analysis in matching bullets to firearms and then opining that Thomson's revolver conclusively was the murder weapon.  Respondents argue that the opening brief on direct appeal does not allege the denial of a due process right under the Constitution. Respondents note that the opening brief cites <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993).  <u>Daubert</u> is a ruling on the Federal Rules of Evidence by the Supreme Court in its supervisory capacity, and not a federal constitutional decision that states are obligated to follow. Thomson counters that the opening brief on direct appeal stated that his "constitutional right to due process and fair trial were violated when the court allowed this testimony." ECF No. 56 at 8 (citing P. Ex. 2 at 11 (ECF No. 8-2 at 20)).  In the conclusion of the brief, Thomson wrote that "when these errors are combined as they are in this case, clearly Thomson's constitutional right to due process and a fair trial are violated."  <u>Id.</u> (citing P. Ex. 2 at 28 (ECF No. 8-2 at 37)).

The court agrees with respondents and disagrees with Thomson.  First, the phrases that Thomson quotes are not in the argument on this issue itself, but in the prefatory and concluding remarks.  Then, the argument in the opening brief on direct appeal contains no mention of the Constitution of the United States.  <u>See</u> P. Ex. 2 at 12-22 (ECF No. 8-2 at 21-31).  More importantly, the Ninth Circuit has held that generic references to "due process" or "fair trial" do not put a state court on notice that a person is presenting a federal constitutional claim.  <u>Castillo v. McFadden</u>, 399 F.3d 993, 999 (9th Cir. 2005) (citing <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999)). Thomson only made broad references. The court finds that the body of the argument contains no mention of any constitutional principles, that the body of the argument itself is a lengthy discussion of Nevada law regarding admission of expert opinions, and state-law evidentiary rulings generally are not matters of federal constitutional law.  <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).

On direct appeal, Thomson did not present this claim in a manner that would have led the justices of the Nevada Supreme Court to think that he was presenting a federal constitutional claim.

1    A petitioner must specifically mention federal constitutional principles to alert the state court that

2    he is raising a federal constitutional claim.  Ground 3 is therefore not exhausted.

3                    **2.      Ground 3 and federal constitutional law**

4            Respondents also argue that petitioner does not cite any violation of federal constitutional

5    law in ground 3 of the third amended petition itself.  The court will not address this argument

6    because the court has determined that ground 3 is not exhausted.  Thomson first will need to decide

7    what to do with ground 3.

8            **D.     Grounds 6, 7, and 9**

9                    **1.      Background**

10           The jury trial in this case occurred November 1-7, 2011.  On November 4, 2011, Lisa

11   Heining was a witness for the prosecution.  R. Ex. 60 at 107 (ECF No. 49-1 at 108).  She testified

12   to comments that Thomson had made which could have been a motive for him killing the victim.

13   Id. at 112-13 (ECF No. 49-1 at 113-14).  Heining also testified that she hoped to receive favorable

14   treatment on in a case of driving under the influence, but that she did not.  Id. at 122-24 (direct),

15   124-26 (cross) (ECF No. 49-1 at 123-25, 125-27).  The jury found Thomson guilty on November

16   7, 2011.  R. Ex. 63 (ECF No. 50-3).  The state district court sentenced Thomson on January 9, 2012.

17   R. Ex. 64 (ECF No. 50-4).  The state district court entered its judgment of conviction on January

18   20, 2012.  P. Ex. 1 (ECF No. 8-1).  Petitioner filed his notice of appeal on February 1, 2012.  P. Ex.

19   3 (ECF No. 8-3).

20           On September 21, 2012, Thomson filed a motion for a new trial under Nev. Rev. Stat.

21   § 176.515.  P. Ex. 4 (ECF No. 8-4).  He alleged that on April 11, 2011, before Thomson's trial, the

22   Las Vegas Metropolitan Police Department had taken a report that Heining had stolen nearly

23   $100,000 from her employer starting in March 2009 and ending in March 2010.  Id. at 3 (ECF No.

24   8-4 at 4).  The police investigated the case, ultimately obtaining a warrant for Heining's arrest and

25   charging her with 13 counts of theft in January 2012, after Thomson's trial had concluded.  Id.  In

26   June 2012, while Thomson's direct appeal was pending, his counsel received a notice from the

27   District Attorney's Office:  Heining's defense counsel in her theft case had contacted the prosecutors

28   in Thomson's case.  Id.  Thomson's defense counsel then asked for and received a copy of the

8

discovery in Heining's case.  Id.  Thomson argued that under Nev. Rev. Stat. § 176.515 the trial court should grant a new trial based upon this newly discovered evidence, with which he could have further impeached Heining's credibility.  Id. at 4-7 (ECF No. 8-4 at 5-8).  As described above, the state district court denied the motion, and the Nevada Supreme Court affirmed.

### 2.  Grounds 6, 7, and 9 are not exhausted

Ground 6 is a claim that the prosecution violated Brady v. Maryland, 373 U.S. 83 (1963), and its progeny because the prosecution did not disclose this favorable evidence to Thomson. Ground 7 is a claim that the suppression of this favorable evidence violated Thomson's rights under the Confrontation Clause of the Sixth Amendment because he was unable to cross-examine Heining effectively without the evidence.  Ground 9 is a claim that the state district court erred when it denied a motion for a new trial.

The court agrees with respondents that Thomson has not exhausted these grounds for relief. The closest that Thomson came to presenting an issue of federal law to the state court's was his citation to Mortensen v. State, 986 P.2d 1105 (Nev. 1999), in his reply to the prosecution's opposition to the motion for a new trial.  See ECF No. 56 at 9 (citing R. Ex. 72 at 3 (ECF No. 51-8 at 4)).

Thomson's argument has two problems.  First, he is referring to a section of the Mortensen opinion irrelevant to his case.  In the opposition to the motion for a new trial and the reply, the parties compared the evidence of the investigation of Heining with new evidence in Mortensen that the Nevada Supreme Court had held would not have created a reasonable probability of a different result at trial.  R. Ex. 70 at 6 (ECF No. 51-6 at 7), R. Ex. 72 at 3 (ECF No. 51-8 at 4) (both citing Mortensen, 986 P.2d at 1114-15).  That part of Mortensen was a discussion whether a new trial was warranted under § 176.515, and it was purely a discussion of state law.  The section of Mortensen that Thomson cites now was a discussion whether Nevada's restriction on evidence of prior bad acts, Nev. Rev. Stat. § 48.045(2), violated the Confrontation and Due Process Clauses.  986 P.2d at 1110 n.6.  A discussion of constitutional principles in one section of a state-court opinion does not turn a discussion of state-law principles in another section of the same opinion into a constitutional decision.

Second, Thomson did not cite <u>Mortensen</u> in his opening brief on appeal from the denial of new-trial motion. <u>See</u> P. Ex. 7 (ECF No. 8-7). Even if Thomson raised an issue of federal law in his new-trial motion, and he did not, he did not carry that issue on to the appeal. Thomson thus has failed to exhaust grounds 6, 7, and 9.

### 3. Ground 9 and federal constitutional law

Respondents also argue that ground 9 of the third amended petition does not state a federal claim. Ground 9 is a claim that the state district court erred in denying the motion for a new trial. Thomson counters that he wrote "'the failure of the trial court to grant Thomson's new trial motion deprived Thomson of this constitutional right to a fair trial.' ECF No. 37 at 40." ECF No. 56 at 9-10. The court will not address this argument because the court has determined that ground 9 is not exhausted. Thomson first will need to decide what to do with ground 9.

### E. Ground 8

Ground 8 is a claim that trial counsel failed to object to, and appellate counsel failed to raise on direct appeal, the prosecutor's vouching for Heining's testimony. Thomson argued on appeal from the denial of the state post-conviction petition that trial counsel failed to object to prosecutorial vouching and that appellate counsel failed to raise the issue on direct appeal. P. Ex. 19 at 21-24 (ECF No. 10-3 at 30-33). Respondents argue now that ground 8 is exhausted only to the extent that it is a claim of ineffective assistance of counsel. The Nevada Court of Appeals treated the claim as a claim that trial counsel was ineffective for failing to object and that appellate counsel was ineffective for failing to raise the issue on appeal. P. Ex. 20 at 2-3 (ECF No. 10-4 at 4-5).

This court's review is limited under 28 U.S.C. § 2254(d)(1) to whether the decision of the Nevada Court of Appeals was contrary to, or an unreasonable application of, clearly established law as determined by the Supreme Court of the United States. The court agrees with respondents that petitioner presented only a claim of ineffective assistance of counsel in the state courts. However, it was unnecessary for respondents to make that argument because nothing in the third amended petition indicates that ground 8 is anything but a claim of ineffective assistance of counsel.

**F.     Ground 10**

Ground 10 is a claim of cumulative error.  Respondents argue that the court should limit it to claims of cumulative error of ineffective assistance of counsel, because that was how Thomson presented the claim in the state courts.  Thomson does not disagree.

**V.     Conclusion**

The third amended petition (ECF No. 37) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal.  See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).

IT THEREFORE IS ORDERED that respondents' motion to dismiss (ECF No. 42) is **GRANTED**.

IT FURTHER IS ORDERED that ground 1 of the third amended petition (ECF No. 37) is **DISMISSED** with prejudice because it is procedurally defaulted.

IT FURTHER IS ORDERED that petitioner shall have twenty-eight (28) days from the date of entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial dismissal of grounds 3, 6, 7, and 9, or for other appropriate relief.  Within fourteen (14) days of filing such motion, petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested.  Failure to comply with this order will result in the dismissal of this action.

DATED: July 28, 2021.

_____
RICHARD F. BOULWARE, II
United States District Judge

11