**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID ROBERT THOMSON,<br><br>        Petitioner,<br><br>    v.<br><br>BRIAN WILLIAMS,<br><br>        Respondents. | Case No. 2:17-cv-02932-RFB-GWF<br><br>**ORDER** |

      This is a habeas corpus action under 28 U.S.C. § 2254. Previously, the court dismissed ground 1 of the third amended petition because it was procedurally defaulted, and the court determined that petitioner David Thomson had not exhausted his state-court remedies for grounds 3, 6, 7, and 9 of the third amended petition. ECF No. 60. The court directed Thomson to file a motion for dismissal without prejudice of the entire petition, for dismissal of the unexhausted grounds, or for other appropriate relief. Id. Thomson has filed a motion for leave to file a fourth amended petition. ECF No. 61. Respondents oppose the motion. ECF No. 64. For the reasons stated below, the court denies the motion.

      In replying to respondents' opposition, Thomson gives two reasons why he wants to file a fourth amended petition instead of dismissing the unexhausted grounds from the third amended petition. First, the proposed fourth amended petition contains only exhausted claims, and respondents would have no basis for a motion to dismiss. ECF No. 65 at 2. Second, with the old

1

third amended petition, the parties would need to compare and revisit claims to determine which claims still are in existence. Id. Neither argument persuades the court.

First, grounds 1, 3, 6, 7, and 9 of the third amended petition are not necessarily gone forever. Thomson opposed respondents' motion to dismiss and, in particular, respondents' arguments on those grounds. ECF No. 56. If the law changes while this action still is open in this court, then Thomson might have reason to seek reinstatement of the grounds, necessitating a fifth amended petition. If, on a putative appeal, Thomson maintains his arguments, and if the court of appeals agrees, then on remand Thomson would need to file a fifth amended petition that realleges all the revived grounds. By keeping the third amended petition as the operative petition and dismissing the procedurally defaulted and unexhausted grounds, the court can reinstate those grounds if necessary without further pleadings. The court and the parties can keep track of what grounds have been dismissed.

Second, Thomson makes a more persuasive case that an amended petition would keep the court and the parties from looking at dismissed grounds for facts necessary to the remaining grounds. However, the proposed amended petition does not do that. For example, in the third amended petition, ground 8 incorporates part of ground 7. Ground 7 is unexhausted, and ground 8 is exhausted. In ground 8, Thomson alleges, "As discussed above at 34-35 [ground 7], fully incorporated herein, Heining was the State's star witness—the witness who provided the State with Thomson's alleged motive/reason for killing Gandal." ECF No. 37 at 38. In the next paragraph, Thomson alleges, "Vouching for Heining's credibility is even more egregious given the fact the State suppressed evidence that there existed substantial evidence within its possession that Heining was not credible. See above at 34-35, fully incorporated herein." Id. Transferring those facts from a deleted ground into a remaining ground could be helpful. However, in ground 4 of the proposed fourth amended petition, which corresponds to ground 8 of the third amended petition, Thomson's allegations are identical, right down to the citations of pages 34 and 35. ECF No. 61-1 at 25. The proposed fourth amended petition is 27 pages long. Thomson would be incorporating facts that do not appear in the petition from pages that do not exist in the petition. The court and the parties

would need to refer to the superseded third amended petition to make sense of the fourth amended petition, which defeats the purpose of an amended petition being complete by itself.

Instead of granting the motion for leave to amend, the court will dismiss grounds 3, 6, 7, and 9 of the third amended petition. Respondents will need to file an answer to the third amended petition.

IT THEREFORE IS ORDERED that petitioner's motion for leave to file a fourth amended petition (ECF No. 61) is **DENIED**.

IT FURTHER IS ORDERED that grounds 3, 6, 7, and 9 of the third amended petition (ECF No. 37) are **DISMISSED** as unexhausted.

IT FURTHER IS ORDERED that respondents will have 60 days from the date of entry of this order to file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will have 30 days from the date on which the answer is served to file a reply.

DATED: February 28, 2022.

_____
RICHARD F. BOULWARE, II
United States District Judge