UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID ROBERT THOMSON,<br><br>Petitioner,<br><br>v.<br><br>NETHANJAH BREITENBACH,[1]*et al.*,<br><br>Respondents. | Case No. 2:17-cv-02932-RFB-EJY<br><br>**ORDER TO SUPPLEMENT THE RECORD** |

This matter is before the Court on consideration of the merits of Petitioner David Robert Thomson's Third Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition") (ECF No. 37)).

In Ground 2 of the Petition, Thomson alleges trial counsel provided ineffective assistance by failing to retain (A) a cellphone expert, and (B) a ballistics expert. ECF No. 37 at 13–21. Thomson submitted for the Court's consideration the Declaration of Jesse Caloway for purposes of the cellphone expert claim (ECF No. 37-2) and the Declaration of Arthur B. Alphin for the ballistics expert claim (ECF No. 37-3).

The Court has reviewed the parties' merits briefs and determined that neither the Declaration of Caloway nor the Declaration of Alphin were developed during the state-court proceedings. Upon further review of this matter, the Court has tentatively determined the Court may consider the expert declarations as Thomson acted diligently under 28 U.S.C. § 2254(e)(2) to develop the factual basis for the claims raised in Ground 2(A) and 2(B) in the state habeas

---

[1] According to the state corrections department's inmate locator page, Thomson is incarcerated at Lovelock Correctional Center, where Nethanjah Breitenbach is the current warden. Lovelock Correctional Center Facility | Nevada Department of Corrections (nv.gov). The Court will direct the Clerk of the Court to substitute Nethanjah Breitenbach for Respondent Brian Williams under Rule 25(d) of the Federal Rules of Civil Procedure.

proceeding.² See Shoop v. Twyford, 596 U.S. 811, 820 (2022) (explaining that, before a federal habeas court may grant an evidentiary hearing or otherwise consider developing new evidence, it "[m]ust, consistent with AEDPA, determine at the outset whether the new evidence sought could be lawfully considered.").

The Court is unable to adequately consider the content of the expert declarations for merits determinations because the declarations rely on documents that are not before the Court. The Court will therefore order the parties to supplement the record by providing the Court with omitted documents that the experts reviewed in rendering their opinions.

The following documents, reviewed by one or both experts, appear to have been developed at trial but are not filed with this Court: Trial Exhibits 2, 8, 8A, 10, 11, 11A, 11B, 11C, 11D, 12, 13, and 14. ECF No. 53-5 at 78–85. Habeas Rule 5 requires Respondents to supply the Court with the state-court record. R. Governing Section 2254 Cases 5. Respondents will be ordered to submit the exhibits within 30 days of the date of this Order. Petitioner will have 15 days after the filing of the exhibits to admit or deny their correctness. Rules Governing Section 2254 Cases, Rule 7(c).

Additionally, the following documents, reviewed by one or both experts, may or may not be included in the state-court record, but were not filed with this Court, and are relevant to the Court's consideration of the expert declarations and its determinations of the merits of the Petition:

(1) Las Vegas Metropolitan Police Department Officer's Report number 071206-3335;
(2) AT&T phone records for phone number (702) 275-8960 from December of 2006;
(3) T-Mobile phone records for phone number (315) 383-4142 from December 2006; and
(4) Trial Exhibit 11E

Rule 7 permits a habeas petitioner to supplement the record with any documents "relevant to the determination of the merits of the petition." R. Governing Section 2254 Cases 7(a). Petitioner will be ordered to submit the above documents to this Court within 30 days of the date of this Order. Respondents will have 15 days after the filing of the documents to admit or deny their correctness. If any of the documents are not part of the state court record, Respondents may simultaneously file

---

² ECF No. 52-8 at 8–9; 52-10 at 41, 44–45; 52-15 at 9.

an objection to the Court's consideration of them, not exceeding five pages. Petitioner will have 10 days after the filing of an objection, if any, to file a five-page response.

The issuance of this Order and tentative ruling is not an invitation to submit evidence beyond the documents reviewed by the experts and requested in this Order. The Court may strike filings that fall outside the scope of this Order. Upon receipt and review of the documents in response to this Order, the Court will determine whether it is appropriate to order supplemental briefing, argument, or an evidentiary hearing, and if so, it will notify the parties.

**THEREFORE, IT IS HEREBY ORDERED:**

1. Within 30 days after the entry of this Order, Respondents must file with this Court: Trial Exhibits 2, 8, 8A, 10, 11, 11A, 11B, 11C, 11D, 12, 13, and 14. Upon the filing of the Trial Exhibits by Respondents, Petitioner will have 15 days to admit or deny the correctness of the Trial Exhibits;

2. Within 30 days after the entry of this Order, Petitioner must file with this Court: (1) Las Vegas Metropolitan Police Department Officer's Report number 071206-3335; (2) AT&T phone records for phone number (702) 275-8960 from December of 2006; (3) T-Mobile phone records for phone number (315) 383-4142 from December 2006, and (4) Exhibit 11E. Upon Petitioner filing of the documents listed in this paragraph, Respondents will have 15 days to admit or deny their correctness. If any of the documents are not part of the state-court record, Respondents may simultaneously file an objection to the Court's consideration of them, not exceeding five pages. Petitioner will have 10 days after the filing of an objection to file a five-page response.

3. The Clerk of Court shall substitute Nethanjah Breitenbach for Respondent Brian Williams.

**DATED:** July 15, 2025

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**